IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-00196-01-CR-ODS |
| ) | |
| THOMAS G. HEDGES ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING MOTION FOR CORRECTION OR REDUCTION OF SENTENCE
UNDER FRCP 35 AND 36, IN THE ALTERNATIVE RELIEF UNDER WRIT OF AUDITA
QUERELA OR WRIT OF CORUM NOBUS

Pending is Defendant's Motion for Correction or Reduction of Sentence Under FRCP 35 and 36, in the Alternative Relief under Writ of Audita Querela or Writ of Corum Nobus. (Doc. #75, Doc. #77). The Motion is denied.

Defendant asks this Court to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35. This rule states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Defendant was sentenced on April 22, 2010. (Doc. #52).[1] Thus, Defendant's Motion pursuant to FRCP 35 is not timely.

Next, Defendant asks this Court to reduce his sentence pursuant to Federal Rule of Criminal Procedure 36. However, motions under FRCP 36 do not apply to legal errors, rather they apply only to clerical errors in judgment. *United States v. Yakle*, 463 F.3d 810, 811 (8th Cir. 2006).[2] The arguments Defendant raises in his motion are legal in nature, and are not clerical errors in judgment. Accordingly, Rule 36 is inapplicable.

Third, if the Court were to construe this motion as one filed pursuant to 28 U.S.C. § 2255, the Court still could not grant Defendant any relief. Motions under 28 U.S.C. §

---

[1] An Amended Sentence was entered on May 3, 2010. (Doc. #57). Regardless, Defendant's Motion under FRCP 35 is untimely.
[2] Defendant cites *United States v. Mackay* to support his contention that he may bring this motion under FRCP 36. 757 F.3d 195 (5th Cir. 2014). However, this case, like *Yakle*, holds that FRCP 36 applies only to clerical errors, not legal errors.

2255 have a one year statute of limitations.  The Eighth Circuit issued the mandate on his direct appeal on November 29, 2011. (Doc. #69).  Therefore, a motion under 28 U.S.C. § 2255 is untimely.

Defendant also moves this Court to reduce his sentence pursuant to a writ of coram nobis.  However, the Eighth Circuit has held that an individual who is currently in federal custody may not seek relief pursuant to a writ of coram nobis.  *U.S. v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000).

Next, Defendant moves the Court to reduce his sentence pursuant to the writ of audita querela.  But this writ is available only in limited circumstances.  *United States v. Feist*, 346 Fed. App'x. 127 (8th Cir. 2009).  For example, "It is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy."  *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam).  "In other words, if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie."  *Id.*

While Defendant makes several arguments as to why his sentences are improper, he does not raise any colorable claims of constitutional problems.  First, Defendant argues his 21 U.S.C. § 851 enhancement was improperly based on a Morgan County felony.   Second, Defendant asserts the Court improperly sentenced him pursuant to 18 U.S.C. § 924(e).  Third, Defendant argues that Career Offender guidelines should not be applied to him.  Fourth, Defendant cites to *United States v. Bailey* in an attempt to argue his sentence pursuant to 18 § U.S.C. 924(c) was improper. 2013 WL 4735697 (N.D. Iowa  Sept. 3, 2013).  Finally, Defendant argues the Government "failed to give [him] his 851(a)(1) information as required by statute."

Not only do none of these arguments present constitutional problems, all of Defendant's arguments are based on a mischaracterization of the Record or a misinterpretation of the cited case law.  Accordingly, the Court will not grant Defendant relief pursuant to a writ of audita querela.

Finally, nothing herein should be construed as ruling on issues Defendant raised in his Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). (Doc. # 71). That is a separate motion from the one before the undersigned.

IT IS SO ORDERED.

DATE: March 10, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT